Matter of O'Hagan (2020 NY Slip Op 02269)





Matter of O'Hagan


2020 NY Slip Op 02269


Decided on April 9, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
MARK C. DILLON
RUTH C. BALKIN
CHERYL E. CHAMBERS, JJ.


2018-08448

[*1]In the Matter of William J. O'Hagan, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; William J. O'Hagan, respondent. (Attorney Registration No. 2263473)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 10, 1989. By decision and order on motion of this Court dated April 8, 2019, the respondent was directed to show cause at a hearing pursuant to 22 NYCRR 1240.12(c)(2)(iv) before John J. Halloran, Jr., as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime.



Gary L. Casella, White Plains, NY (Glenn E. Simpson of counsel), for Grievance Committee for the Ninth Judicial District.
Feerick Nugent MacCartney, PLLC, South Nyack, NY (Donald J. Feerick, Jr., of counsel), for respondent.



PER CURIAM


OPINION & ORDER
. On April 13, 2018, in the County Court, Albany County, before the Honorable Peter A. Lynch, the respondent was convicted, upon a plea of guilty, of criminal tax fraud in the fifth degree, a class A misdemeanor. He was sentenced to a conditional discharge of one year and directed to perform 200 hours of community service.
Special Referee's Report 
Following a hearing held on June 13, 2019, the Special Referee concluded that the respondent, having conceded that he was convicted of a serious crime, should be publicly disciplined. Based on the entire record, the Special Referee found that the respondent's testimony was forthright and credible; that he demonstrated substantial mitigating factors (unintentional mistake, unblemished disciplinary history, cooperation and candor, genuine remorse, misconduct unrelated to the practice of law, payment of tax liabilities, character evidence, community service); and that there were no aggravating factors. Specifically, on the issue of the respondent's intent, the Special Referee found as follows:
"Respondent's tax offense was rooted in an unintentional and inadvertent mistake. Respondent has consistently demonstrated that his admitted failure to file was predicated on his mistaken belief that his New York State tax obligations were satisfied by his then-employer's composite tax filing. The uncontroverted evidentiary record shows that Respondent was forthright and consistent in explaining that mistake to the New York State tax authorities, the Albany County District Attorney's Office, the Grievance Committee for the Ninth Judicial District, this Court, and the [*2]undersigned Special Referee at the pre-hearing conference on May 7, 2019, and the hearing on June 13, 2019. There has been no showing that Respondent's failure to file was done with conscious disregard of his tax obligations, with intent to evade taxes, or with venal intent, and indeed, the undersigned finds that the evidence shows the opposite. Simply put, Respondent made an honest mistake."
Motion to Confirm 
The Grievance Committee now moves to confirm the report of the Special Referee and its findings, noting the absence of any prior disciplinary history.
In response, the respondent contends that the appropriate discipline is a public censure based on the mitigating factors as summarized by the Special Referee in his report.
Findings and Conclusion 
We find that public discipline should be imposed, and accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
The hearing evidence established that the respondent's failure to file and pay was not due to a conscious effort to avoid his tax obligations, but was due to a misunderstanding of his tax obligations as a participant in his employer's composite tax return program.
In view of the absence of any aggravating factors, and the substantial mitigating factors that were elicited at the hearing, which include the facts that the respondent made an honest mistake; harbored no venal intent; was genuinely remorseful; has an unblemished disciplinary history; cooperated not only with the Grievance Committee, but also with the State Investigator and the District Attorney's Office; engaged in misconduct unrelated to the practice of law; filed the missing returns and paid all taxes due, including interest and penalties, prior to his arrest; enjoyed an excellent reputation; and has a strong record of community service, we conclude that the respondent's misconduct warrants the imposition of a public censure.
SCHEINKMAN, P.J., MASTRO, DILLON, BALKIN and CHAMBERS, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, William J. O'Hagan, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court